UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Martin Berchie, | No. 25-cv-03197 (KMM/SGE) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi et al., | |
| Respondents. | |

This matter is before the Court on Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, Marcos Carlos, Sam Olson, U.S. Immigration and Customs Enforcement, and the Department of Homeland Security's[1] ("Respondents") Motion to Extend Deadline for Objections to Report and Recommendation (Dkt. 14). On September 3, 2025, Magistrate Judge Shannon G. Elkins issued a Report and Recommendation ("R&R") on Petitioner Martin Berchie's Petition for habeas corpus, recommending that the Petition be granted and Petitioner be released from custody. (Dkt. 12.) Judge Elkins concluded that the Respondents' inability to obtain travel documents for Petitioner from the government of Ghana showed that Petitioner's deportation was not significantly likely in the reasonably foreseeable future. (*Id.*)

In light of that recommendation, the Court issued a briefing schedule giving the Government until September 10, 2025 to submit any objections to the R&R. (Dkt. 13.)

---

[1] Joel Brott, Sherburne County Sheriff, is also named as a Respondent to this Petition but is not party to the instant Motion.

1

On September 8, 2025, Respondents filed this Motion seeking to extend the deadline for objections until October 1, 2025. (Dkt. 14.) Respondents now attest they were notified that the Ghanian Government had issued Petitioner a travel document. (Dkts. 14, 15.)

Of course, the government is not authorized to detain noncitizens subject to a final order of removal indefinitely. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Instead, the government must release such a noncitizen on conditions of supervision unless "there is a significant likelihood that the alien will be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(g)–(h); *Zadvydas*, 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). Preventing indefinite detention in such circumstances protects the noncitizen's liberty interests. *See Zadvydas*, 533 U.S. at 692. But if, "on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future," the alien may be returned to custody. 8 C.F.R. § 241.13(i)(2). And of course, a court is authorized to extend the R&R objections period based upon a showing of good cause. Fed. R. Civ. P. 6(b).

The Respondents state that they intend to file objections to the R&R and argue that the recent developments regarding Petitioner's travel documentation constitute good cause to extend the deadline. (Dkt. 14 at 3-5.) Petitioner contests the existence of the

2

travel documentation, contending that, without more than the Respondents' proffered affidavit, he should be released.[2]  (Dkt. 17.)

The Court finds that good cause exists to extend the deadline an additional seven days.  Respondents have until September 17, 2025 to submit any objections to the R&R.  This balances the increased showing made by the declaration regarding the existence of a travel document with the Petitioner's important liberty interest.

Based on the above, **IT IS HEREBY ORDERED that:**

1. Respondents' Motion to Extend Deadline for Objections to Report and Recommendation (Dkt. 14) is **GRANTED** in part.

2. Respondents must file any objections to Judge Elkins's Report and Recommendation by **September 17, 2025**.

3. Should the Respondents file objections, Respondents are required to file all supporting documentation and declarations in support of its objections If Respondents wish, they may file sensitive documents under seal or with redactions that address the security concerns at issue.

4. Petitioner shall file any response to the objections by **September 24, 2025**.

Date: September 9, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge

---

[2] Respondents assert that they did not file a copy of the travel documentation at issue due to "security concerns."  (Dkt. 14 at 5.)