UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Martin Berchie, | No. 25-cv-03197 (KMM/SGE) |
| Petitioner, | |
| v. | ORDER |
| Pamela Bondi, Kristi Noem, Todd M. Lyons, Marcos Charles, Sam Olson, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, and Joel Brott, | |
| Respondents. | |

This matter is before the Court on the Report and Recommendation ("R&R") of U.S. Magistrate Judge Shannon G. Elkins regarding Martin Berchie's Petition for a Writ of Habeas Corpus (Dkt. 12). Due to changes in circumstances since its issuance, the Court declines to adopt the R&R. Respondents are ordered to file an update on Mr. Berchie's removal proceedings on October 7, 2025.

## I.  BACKGROUND

Mr. Berchie, a citizen of Ghana, was originally ordered to be removed from the United States in March of 2021. (Dkt. 1 ¶ 2.) He was then held in post-removal-order custody from March 2021 to January 2022, at which point he was released from detention on an order of supervision because his removal was not likely to occur in the reasonably foreseeable future. (*Id.* ¶¶ 3–4.) On August 7, 2025, when attending a "check in" with

Immigration and Customs Enforcement ("ICE"), Mr. Berchie was returned to custody. (*Id.* ¶ 7.) He subsequently filed this Petition on August 11, 2025 seeking his release. (*Id.*)

On September 3, 2025, Judge Elkins issued the R&R recommending that the Petition be granted and that Mr. Berchie be released from custody. (Dkt. 12 at 9.) Judge Elkins reasoned that there was no basis for authorizing Mr. Berchie's redetention given that there was no significant likelihood of Mr. Berchie's removal in the reasonably foreseeable future. (*Id.* at 8–9.) At that time, Respondents had requested but not yet received travel documents for Mr. Berchie to return to Ghana. (*Id.* at 7–9.) Respondents then filed a timely objection to the R&R on September 17, 2025.[1] (Dkt. 20.)

## II. DISCUSSION

### A. Legal Standard

The government may not indefinitely detain noncitizens who are subject to a final order of removal but who cannot readily be removed. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Instead, the government must release such a noncitizen on conditions of supervision unless "there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances." 8 C.F.R. § 241.13(g)–(h); *Zadvydas*, 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). But

---

[1] Because Mr. Berchie requested expedited handling of his Petition, the Court issued an Order giving Respondents until September 10, 2025 to file any objections. (Dkt. 13.) On September 8, 2025, Respondents moved for an extension of that deadline (Dkt. 14), which the Court granted in part, giving them until September 17, 2025 to file any objections (Dkt. 19).

if, "on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future," the noncitizen may be returned to custody. 8 C.F.R. § 241.13(i)(2).

**B.     Objections**

In their Objections, Respondents argue that the concerns underlying the R&R have been mooted because Respondents have now received travel documents for Mr. Berchie from the Ghanian government. (Dkt. 20 at 2.) Respondents also filed a Declaration from ICE Deportation Officer Christopher A. Campbell who declares that he has personally reviewed the travel document and confirmed that it is valid, issued for Mr. Berchie, bears a stamp from the Republic of Ghana, and authorizes his return to Ghana without a visa.[2] (Dkt. 21 ¶ 8.) Officer Campbell also declares that Mr. Berchie is scheduled for removal to Ghana at the end of September. (*Id.* ¶ 9.)

These attestations constitute changed circumstances that permit Mr. Berchie's continuing custody. The existence of travel documents that enable Mr. Berchie's removal to Ghana and a date scheduled for his removal support a finding that there is now a significant likelihood that he will be removed from the United States in the reasonably foreseeable future. *See Jaime F. v. Barr*, No. 19-cv-20706 (ES), 2020 WL 2316437, at *5 (D.N.J. May 11, 2020) (concluding that the government had established that the

---

[2] Respondents also previously filed a Declaration of ICE Supervisory Detention and Deportation Officer Richard N. Pryd, Jr. along with its motion to extend the objections period. (Dkt. 15.) Office Pryd's Declaration stated that on September 4, 2025, the ICE Enforcement and Removal Operations headquarters notified its St. Paul Field Office that the Ghanian government had issued a travel document for Mr. Berchie. (*Id.* ¶ 4.)

3

petitioner's removal was reasonably foreseeable where the government had received travel documents for the petitioner and scheduled him "for the next available flight" once COVID travel restrictions were lifted); *Brathwaite v. Barr*, 475 F. Supp. 3d 179, 196 (W.D.N.Y. 2020) (holding the petitioner's removal was reasonably foreseeable where travel documents had been obtained and where petitioner was scheduled on a flight out of the country) (citing *Jamie F.*, 2020 WL 2316437, at *5). Given these changed circumstances, the Court declines to accept the R&R's recommendation of release.

However, Mr. Berchie nonetheless raises substantial questions about Respondents' process in this case. Specifically, Mr. Berchie disputes the existence and validity of the travel documents issued to him and expresses concerns about his lack of an interview with the Ghanian embassy prior to their issuance. (Dkts. 22, 23.) Accordingly, the Court declines to dismiss the Petition at this time. Instead, the Court orders Respondents to file an update on Mr. Berchie's removal on October 7, 2025.

Based on the above, **IT IS HEREBY ORDERED that:**

1. The Magistrate Judge's Report and Recommendation (Dkt. 12) is **REJECTED** at this time.

2. Respondents must file an update on Petitioner Martin Berchie's removal proceedings on **October 7, 2025**.


Date: September 29, 2025         *s/Katherine Menendez*
                                 Katherine Menendez
                                 United States District Judge

4