UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Martin Berchie, | No. 25-cv-03197 (KMM/SGE) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, Kristi Noem, Todd M. Lyons, Marcos Charles, Sam Olson, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, and Joel Brott, | |
| Respondents. | |

On August 11, 2025, Petitioner Martin Berchie filed a Petition for a Writ of Habeas Corpus (ECF 1) seeking immediate release from Immigration and Customs Enforcement ("ICE") custody. He alleged that his detention violated his due process rights under the Fifth Amendment, as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). He also alleged that his arrest by ICE and his continued detention by the Respondents ("the government") violated the Administrative Procedure Act and the Immigration and Nationality Act ("INA"). He also alleged that his continued detention was unlawful under *Zadvydas* because there was no substantial likelihood of his removal from the country in the reasonably foreseeable future. The government responded to Mr. Berchie's petition as ordered (ECF 8) and averred that he was likely to be removed promptly from the United States to Ghana, his country of origin.

1

Following these initial filings, the parties engaged in substantial litigation about whether and when Mr. Berchie's removal was in fact going to occur. Mr. Berchie repeatedly alleged that the government was misrepresenting whether they had proper travel authorization from Ghana to permit his return to that country, and the government repeatedly attested that they first were awaiting and then had received the required paperwork. (*See, e.g.*, ECF 15 ¶ 2; ECF 21 ¶ 8.) As the record developed, the Court declined to adopt the Magistrate Judge's recommendation that Mr. Berchie's petition be granted. Instead, on September 29, 2025, the Court found that Mr. Berchie's removal was imminent—and certainly "reasonably foreseeable"—and instead ordered the government to update the Court on or before October 7 regarding Mr. Berchie's status. (ECF 28.) The Court issued that Order in large part based on the government's representation that the government of Ghana issued a travel document on September 4 enabling Mr. Berchie's return to Ghana. A Deportation Officer submitted a sworn declaration swearing that he had reviewed the document and that it was valid. (ECF 21.)

On October 7, 2025, the government filed the required status report and stated that Mr. Berchie had been removed from the United States to Ghana earlier that morning. (ECF 29.) But that report did not resolve this case, as it ordinarily would. Instead, on October 8, 2025, counsel for Mr. Berchie filed a Motion for an Evidentiary Hearing supported by an affidavit from Mr. Berchie himself. (ECF 30, 31.) The motion alleged that Mr. Berchie's removal did not follow ordinary procedures and asserted that the government removed Mr. Berchie based on an inauthentic travel document that had not actually been issued by the government of Ghana. Instead, Mr. Berchie alleged that the

2

travel document had been fraudulently prepared by someone in the American government and submitted to the Court. Even in the face of a memorandum supported by detailed affidavits undermining this claim and by a copy of the travel document itself (ECF 35-1), counsel for Mr. Berchie doubled down on his assertion that "the document was created by someone in ERO HQ and was then passed off as an authentic travel document to rank-and-file employees." (ECF 39.) He insists that the government should disprove Mr. Berchie's allegations of fraud at a hearing.

The Court disagrees. For the reasons set forth below, the Motion for Evidentiary Hearing is denied, and this case is dismissed.

I.  **Evidentiary Hearing**

The Court denies Mr. Berchie's Motion for Evidentiary Hearing in this matter, though not because it lacks the power to grant such a motion. The Court agrees with the government that its jurisdiction over immigration matters is limited, and that claims about the circumstances surrounding a removal are likely beyond the Court's reach. *See* 8 U.S.C. § 1252(g). Such limits on this Court's authority, however, would not prevent the Court from exploring whether the government has acted with unclean hands during litigation of a case properly before the Court. *See, e.g.*, *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) (holding federal courts retain authority to determine "whether the attorney has abused the judicial process" and sanction a party even when the underlying action lacks jurisdiction); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (same). And the Court can imagine a case in which alleged government misconduct

merits inquiry even after the underlying case is resolved. However, this is not such a case because the Court finds that no evidentiary hearing is appropriate.

Even if a petitioner could make a showing sufficient to require further development of the record regarding what transpired in a removal, Mr. Berchie has not come close to making such a showing here. Mr. Berchie offers almost no evidence whatsoever to support his conjecture that something went awry with his removal, let alone that the irregularity can only be explained by fraud on the part of an official relatively high up the hierarchy of the government. He concedes that the officers who actually effectuated his removal both swore under oath that the removal of Mr. Berchie was ordinary, followed the expected course, and did not differ from the hundred or more removals the officers had participated in. But Mr. Berchie nonetheless alleges that something must have been not just wrong but fraudulent, essentially because he expected it to proceed differently. Mr. Berchie expected to have an interview with Ghanaian officials, although he had already been interviewed three years previously and his Ghanaian citizenship had been confirmed. He expected to be shown the travel document upon request (despite the officers' attestations that such a document is usually not disclosed ahead of removal for security reasons), and he never was. He also apparently expected to be present for all conversations between the officers who were escorting him and the gate agents and staff of the airline, though he does not even hint at a basis for his belief that this would have ordinarily occurred. Next, he assumes that a mix-up with his boarding pass and seat assignment is further proof that no travel document ever existed. And the presence of the travel document in the record—one with Mr. Berchie's picture

4

and name on it—does nothing to assuage his presumption of irregularity. Counsel for Mr. Berchie, an officer of this Court, alleges that these inconsistencies must mean that a fraud occuv-3197rred and the government is lying. In essence, counsel for Mr. Berchie seems to expect the Court to order the government to prove that its truthfulness at every stage of a fairly routine removal of a Ghanian citizen to Ghana based on nothing more than Mr. Berchie's belief that something fishy occurred. But in the face of sworn affidavits from people who have participated in one hundred times more removals than Mr. Berchie, as well as averments from an Assistant United States Attorney with an impeccable reputation that this case followed the ordinary course, the Court will not leap to the conclusion Mr. Berchie and his counsel adopt.

The Motion for Evidentiary Hearing is denied.

**II.    Mootness**

Mr. Berchie's removal from the United States moots his petition for a writ of habeas corpus. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up). Once a petitioner has been "removed from the United States and deported to his native country, . . . his petition seeking release from ICE custody becomes moot, as there is no longer a live case or controversy as required by Article III." *Estrada-Heredia v. Holder*, No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (collecting cases), *R&R adopted*, 2012 WL 4839019 (D. Minn. Oct. 11, 2012); *see Roberto M. D. v. Garland*, No. 21-cv-1343 (NEB/TNL), 2022

5

WL 542426, at *1 (D. Minn. Feb. 23, 2022) (mooting habeas petition where petitioner had been removed to his native country). There is no dispute here that Mr. Berchie has been removed from the United States and that he is now in Ghana.

Nonetheless, Mr. Berchie contends that he is still in custody of the government for purposes of habeas relief. But Mr. Berchie has not provided any showing that he is in the constructive custody of the United States government or otherwise faces the types of collateral consequences required to be "in custody" to maintain habeas jurisdiction. *See Leitao v. Reno*, 311 F.3d 453, 456 (1st Cir. 2002) (concluding that habeas petition was not mooted by deportation because petitioner was subject to a reentry ban). Instead, Mr. Berchie's removal to Ghana and release into that country three hours after his arrival indicate that he is not "in-custody." *See United States v. Camick*, No. 17-3006, 2017 WL 11811332, at *2 (10th Cir. May 22, 2017) ("Mr. Camick ceased to be 'in custody' once he was removed to Canada.") (citing *Veltmann-Barragan v. Holder*, 717 F.3d 1086, 1088 (9th Cir. 2013); *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011); *Kumarasamy v. Att'y Gen.*, 453 F.3d 169, 173 (3d Cir. 2006); *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003); *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001)); *see also Terrado v. Moyer*, 820 F.2d 920, 922 (7th Cir. 1987) (holding a habeas petition moot where petitioner had been deported during the appeal because he was no longer "in custody"). The Court therefore finds that Mr. Berchie is not "in custody" and concludes that his petition is moot.

Based on the above, **IT IS HEREBY ORDERED that:**

1. Martin Berchie's Motion for an Evidentiary Hearing (ECF 30) is **DENIED**.

2. Berchie's Petition for Writ of Habeas Corpus (ECF 1) is **DENIED** as moot and **DISMISSED with prejudice**.

Date: November 4, 2025                             *s/Katherine Menendez*
                                                                        Katherine Menendez
                                                                        United States District Judge